*569 ON REHEARING
This case came up for rehearing on the issue of quantum. Previously, this court awarded $25,000.00 to each parent for the wrongful death of their two-year old son.
Re-examination of the specific facts and circumstances surrounding the death of this minor lead us to believe that the original award was too low, particularly in light of recent jurisprudence. Therefore, in order to have our award congruous therewith, we modify our previous award and hereby grant an award of $50,000.00 each in favor of Lloyd Guillot and Karen Sellers Guillot.
Accordingly, judgment is hereby rendered in favor of Lloyd Guillot in the sum of Fifty thousand and no/100 ($50,000.00) Dollars and Karen Sellers Guillot in the sum of Fifty thousand and no/100 ($50,-000.00) Dollars, and against defendant, Fisherman’s Paradise, Inc.,[1] together with legal interest from date of judicial demand. Defendants are to pay all costs.
JUDGMENT SO RENDERED.

. Service was never obtained on Gerald Strickland and, therefore, he is not a proper party defendant in this suit. Similarly, Gilbert Dozier is no longer a proper party defendant in this suit. With respect to Gilbert Dozier, the trial court granted a judgment of dismissal in his favor pursuant to C.C.P. art. 1810 and this judgment has not been appealed. On October 7, 1975, Fisherman's Paradise, Inc. purchased all the outstanding stock and assets of Flying Bridge Marina, Inc. and assumed responsibility for all debts. Accordingly, Fisherman’s Paradise, Inc. is the sole remaining defendant herein.